UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE PAUL FIANO, SR. )<br>)<br>Debtor. )<br>)<br>) | CHAPTER 7<br><br>CASE NO.: 15-21410 (AMN) |
| PREMIER CAPITAL, LLC )<br>Movant )<br>)<br>v. )<br>)<br>PAUL FIANO, SR. and )<br>THOMAS C. BOSCARINO, )<br>CHAPTER 7 TRUSTEE )<br>Respondents )<br>) | CONTESTED MATTER<br><br><br><br><br><br>AUGUST 21, 2015 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. § 362(d) AND FED.R.BANKR.P. 4001(a)**

Premier Capital, LLC (the "Movant"), a secured creditor and party-in-interest, hereby moves this Court for an order granting it relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Fed.R.Bankr.P. 4001(a), and in support thereof, represents as follows:

**I. Factual Background**

1.  On January 16, 2001, the Connecticut Superior Court for the Judicial District of Tolland at Rockville granted Movant a money judgment in the amount of $247,282.91 (the "Connecticut Judgment"). The Judgment resulted from Debtor, Paul P. Fiano, Sr.'s ("Debtor") default on two promissory notes (the "Notes"). See Exhibit 1, *Connecticut Judgment*.

2.  On December 19, 2014, the Judgment was filed with the State of Rhode Island. See Exhibit 2, *Complaint for Entry of Foreign Judgment*.

3.    On March 24, 2015, the Foreign Judgment was certified by the State of Rhode Island. See Exhibit 3, *Notice of Foreign Judgment and Docket*.

4.    Debtor is the sole owner of several properties in Connecticut and Rhode Island including the real property located at 14 Larkin Road, Westerly, Rhode Island (the "Larkin Road Property").

5.    On March 4, 2015, Movant recorded a Writ of Attachment on the Westerly, Rhode Island land records. As the attachment was filed more than 90 days prior to Debtor's bankruptcy petition, the attachment is perfected and creates a secured lien on the property. In re Salvatore G. Supa, 8 B.R. 720 (Bankr. D. RI. 1981); Bankr.Code, 11 U.S.C.§§ 101(40), 547, 547(b), (e)(1)(A), (e)(2)(A). See Exhibit 4, *Writ of Attachment*.

6.    On June 25, 2015, Movant provided notice to Debtor of its intent to foreclose on the Larkin Road Property. See Exhibit 5, *Correspondence to Debtor enclosing Public Notices*.

7.    On Friday, August 7, 2015, Movant received notice of Debtor's bankruptcy filing and cancelled the auction.

8.    The amount due on the Judgment was $565,968.92 as of the Petition Date.[1]

## II. Argument.

9.    Movant requests that this Court grant it relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2) as there is "cause" for relief from the automatic stay and as the Movant lacks adequate protection. There is no equity in the underlying real estate, the Debtor is in default of the 1st mortgage, and the real estate is not necessary for an effective reorganization.

---

[1] Under Rhode Island law, post-judgment interest accrues at twelve percent per annum. See R.I. Gen. L. § 9-21-10. However, this rate does not apply "to any contractual obligation where interest is already provided." Thus, interest upon the Judgment entered in Rhode Island has continued to accrue at the rates set forth in the Notes.

16641322.1

> *A. The Lack of Adequate Protection of the Movant's Interest in the Larkin Road Property is Cause for Granting relief from the Automatic Stay pursuant to 362(d)(1).*

Section 362(d)(1) of the Bankruptcy Code provides, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - -
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

See 11 U.S.C. § 362(d)(1).

10. 'Cause' is an intentionally broad and flexible concept which must be determined on a case-by-case basis." In re Merchant, 256 B.R. 572, 576 (Bankr. D. Pa. 2000).

11. Courts have determined that a secured creditor lacks adequate protection where there is little or no equity cushion, and the debtor is increasingly falling behind on his or her monthly payment obligations. See, e.g., In re Balco Ltd., 312 B.R. 734, 749 (Bankr. S.D.N.Y. 2004) ("A continued failure to make monthly payments under loan documents can constitute cause for granting relief from the automatic stay. . . where the failure to make monthly payments corresponds with a nonexistent equity cushion"); Equitable Life Assurance Society v. James River Assoc. (In re James River Assoc.), 148 B.R. 790, 797 (E.D. Va. 1992) (affirming a bankruptcy court's finding of lack of adequate protection based on, *inter alia*, the following factors: a diminishing equity cushion, delinquent real estate taxes, and lack of payments on the note).

12. In this matter, there is "cause" for relief from the stay as Movant lacks adequate protection as there is no equity cushion and as the Debtor is increasingly falling behind on his monthly payment obligations.

3

13. Upon information and belief, the estimated value of the Larkin Road Property is between $624,700.00 to $665,000.00.[2]

14. The Larkin Road Property is encumbered by a $580,000.00 mortgage that was recorded on May 31, 2007 in favor of Option One Mortgage Corporation (the "Option One Mortgage"). The Debtor is in default of this Mortgage and Option One has commenced foreclosure proceedings.[3] See Exhibit 8, *Option One Mortgage*.[4]

15. The Larkin Road Property's estimated fair market value is between $624,000.00 and $665,000.00. The amount of the Option One Mortgage is in excess of $500,000.00 and Movant's lien is in excess of $560,000.00. Therefore, the secured liens on the Larkin Road Property total approximately $1.1 Million Dollars, far in excess of the value of the property value- there is "no equity cushion."

16. Furthermore, as the Debtor is not making his monthly payment obligations on the Option One Mortgage, time will only cause Debtor to fall further and further behind on his payment obligations, which will cause Movant's security in the Larkin Road Property to dissipate.

17. As there is "no equity cushion" in the Larkin Road Property and Movant does not have adequate protection for its secured claim, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to protect its secured claim.

---

[2] The tax assessment from the State of Rhode Island indicates a property value of $624,700.00. A true and accurate copy of the tax bill summary from the Westerly, Rhode Island tax assessor is attached as Exhibit 6. Debtor gave deposition testimony on July 9, 2015 as part of Movant's post-judgment discovery in Rhode Island. During his deposition, he testified that he recently listed the Larkin Road Property for sale for $665,000.00. A true and accurate copy of the relevant pages of the transcript from the testimony Debtor gave on July 9, 2015 is attached as Exhibit 7, at Page 123, Line 9.

[3] Debtor testified during his July 9, 2015 deposition that he had not made any payments on the Option One Mortgage since March 2015. See Exhibit 7 at p. 123, Line 12. Movant therefore presumes that Debtor was in default on his obligations under the Option One Mortgage as of the Petition Date.

[4] According to an assignment recorded on the Westerly, Rhode Island land records, The Option One Mortgage was assigned to Sane Canyon Corporation on or about September 5, 2012.

4

16641322.1

**B. Alternatively, the Lack of Equity Combined with the Lack of a Reasonable Possibility of a Successful Reorganization within a Reasonable Time is an Independent Ground Warranting Relief from the Automatic Stay.**

18. Relief from stay must be granted pursuant to 11 U.S.C. § 362(d)(2) if there is no equity in the underlying real estate, and the real estate is not necessary for an effective reorganization.

19. "In a Chapter 7 case, as exists herein, the property is not necessary to a reorganization because the estate's assets are being liquidated in accordance with Chapter 7 provisions." In re J & M Salupo Dev. Co., 388 B.R. 809, 812–13 (Bankr. N.D.Ohio 2008); see also Aja v. Emigrant Funding Corp. (In re Aja), 442 B.R. 857, 826 (B.A.P. 1st Cir. 2011) ("The bankruptcy court's ruling that there was no reorganization in prospect, is consistent with those cases holding that there cannot be a reorganization in prospect in a chapter 7 case."). "[I]n a Chapter 7 case, where the debtor has no equity in the property, the automatic stay must be lifted." In re Roxrun Estates, Inc., 74 B.R. 997, 1003 (Bankr. S.D.N.Y. 1987) citing Sovran Bank, N.A. v. Anderson, 743 F.2d 223, 225 n. 1 (4th Cir.1984).

20. As set forth above, the Larkin Road Property is significantly over-encumbered. The secured portion of the Movant's claim continues to erode given the accrual of the Option One Mortgage.

21. Moreover, the Larkin Road Property is not the Debtor's primary residence and is a vacation home in the beach town of Westerly, Rhode Island. The property is not necessary to a reorganization and therefore, the stay must be lifted.

5

**WHEREFORE**, the Movant respectfully requests that this Court enter an order:

a. Granting the Movant immediate relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and 362(d)(2) to permit it to proceed with its remedies including pursuing a foreclosure of the Larkin Road Property; and

b. Granting the Movant such other and further relief as the Court deems appropriate. In support thereof, the movant states that it is entitled to relief pursuant to 11 U.S.C. 362 (d)(2,) on the basis that there is no equity in the subject Property and, there being no reorganization in prospect, the Property is not necessary for effective reorganization.

Dated: August 21, 2015

Respectfully submitted,

**LeClairRyan,**
A Professional Corporation

By: /s/ *Douglas P. Needham*
Douglas P. Needham, Esq. (CT291433)
One Financial Plaza
755 Main Street, Suite 2000
Hartford, Connecticut  06103
Telephone:  (860) 656-1961
Facsimile:   (860) 656-1981
Email: douglas.needham@leclairryan.com

*Counsel for Premier Capital, LLC*

16641322.1